UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DUN LAN,

     Plaintiff,

  v.

CHANGZHOU ZITE TRADING CO., LTD,
D/B/A MELLBREE

     Defendant.

Civil Action No. 1:26-cv-6779

JURY TRIAL DEMANDED

**ORIGINAL COMPLAINT**

Plaintiff Dun Lan, ("Plaintiff") hereby brings this design patent infringement action against Changzhou Zite Trading Co., Ltd, an Amazon seller operating under the trade name "Mellbree," with seller ID A32Q5BUTENIGK4 (hereinafter "Mellbree"),  and alleged as follows:

**INTRODUCTION**

1.  This action has been filed by Plaintiff to combat an online infringer who trades upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed products, namely the "HVAC Adaptor Cord" shown in **Exhibit 1**, that infringes Plaintiff's patented design (the "Infringing Product"). Further, Defendant created the "Mellbree Amazon Store" on Amazon (collectively "Defendant Internet Stores") for the ostensible purposes of selling original products, but in fact sells counterfeit and infringing merchandise. Plaintiff is forced to file this action to combat Mellbree's infringement of his patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of

1

Mellbree's actions and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) as Mellbree and its affiliated stores are Chinese entities and this Court may properly exercise personal jurisdiction over Mellbree since it directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts hereto (collectively, the "Defendant Internet Stores") and the attached exhibits. Specifically, Mellbree is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products featuring Plaintiff's patented design. Mellbree has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and has sold products featuring Plaintiff's patented design to residents of Illinois, and/or has stored the infringing products in Amazon's fulfilment centers located within the State of Illinois. ByteSwift actually made sales into the State of Illinois. *See* Exhibit 3. Mellbree is thus committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## THE PARTIES

### Plaintiff

4. Plaintiff is the Applicant and the inventor of U.S. Design Patent No. D985,513. Plaintiff owns right, title and interest in, and has standing to sue for infringement of in the attached

U.S. Design Patent No. D985,513, a true and correct copy of which is attached hereto as **Exhibit 2** (the "Asserted Patent").

5.      Plaintiff currently sells and offers for sale the HVAC Adaptor Cord in the United States through online platforms such as Amazon.com, which products embody the claimed design of the Asserted Patent.

6.      Plaintiff has not granted a license or any other form of permission to Mellbree with respect to the patent design or the Patent.

**The Defendant**

7.      Mellbree is a company registered in China. Mellbree conducts business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the defendant's Internet Stores, and the Mellbree Amazon Store. Mellbree targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois. *See* **Exhibit 3**, showing Receipts and Delivery Confirmation of Mellbree's sales into Illinois.

8.      On information and belief, Mellbree has stored the Infringing Products in Amazon's fulfilment centers located within the State of Illinois.

9.      On information and belief, Mellbree willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Patent in the same transaction, occurrence, or series of transactions or occurrences.

10.      Plaintiff has not licensed or authorized Mellbree to use the invention claimed in the Patent, and neither Mellbree or its affiliated storefronts are authorized retailers of Plaintiff's

Products.

11.     Mellbree goes to great lengths to conceal the extent of its infringing activity. For example, on information and belief, Mellbree regularly creates new online marketplace accounts on various platforms under names such as Mellbree and Mellbree Brand, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by Mellbree to conceal the full scope and interworking of its operation, and to avoid being shut down.

12.     On information and belief, Mellbree typically operates multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that it can continue operations in spite of Plaintiff's enforcement efforts, such as take down notices.  On information and belief, Mellbree maintains off-shore bank accounts and regularly moves funds from its PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.  Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

13.     Mellbree, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Patent, and continues to do so via the its Internet Stores. Mellbree and its affiliated Amazon storefronts offer shipping to the United States, including Illinois, and, on information and belief, have sold Infringing Products into the United States, including Illinois.

14.     Mellbree's infringement of the Patent in the offering to sell, selling, or importing of the Infringing Products was willful.

15. Mellbree's infringement of the Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT I

### INFRINGEMENT OF UNITED STATES DESIGN PATENT (35 U.S.C. § 271)

16. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

17. Mellbree offers for sale and/or imports into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the Asserted Patent. **Exhibit 4**, attached hereto, is a claim chart comparing the claimed Design of the Asserted Patent to Mellbree's products sold on Amazon. It is immediately evident that Mellbree's products create the same overall visual impression on an ordinary observer as the design disclosed in the Asserted Patent. In fact, Mellbree's products are practically identical to the asserted design, creating a strong presumption of copying.

18. Mellbree has infringed the Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Mellbree's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

19. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Mellbree's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Mellbree as follows:

1)      That Mellbree, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with Mellbree be temporarily, preliminarily, and permanently enjoined and restrained from:

      a.      offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Patented Design;

      b.      aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design; and

      c.      effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2)      Entry of an Order that, upon Plaintiff's request, those in privity with Mellbree and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

      a.      disable and cease providing services being used by Mellbree, currently or in the future, to engage in the sale of goods that infringe the Patented Design;

      b.      disable and cease displaying any advertisements used by or associated with Mellbree in connection with the sale of infringing goods using the Patented Design;

6

and take all steps necessary to prevent links to the Defendant Internet Stores from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That Plaintiff be awarded such damages as it shall prove at trial against Mellbree that are adequate to compensate Plaintiff for infringement of the Patented Design, and all of the profits realized by Mellbree, or others acting in concert or participation with Mellbree, from Mellbree's unauthorized use and infringement of the Patented Design;

4) That Plaintiff be awarded from Mellbree, as a result of Mellbree' use and infringement of the Patented Design, three times Plaintiff's therefrom and three times Mellbree' profits therefrom, after an accounting, pursuant to 35 USC § 284;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated: June 9, 2026

Respectfully submitted,

By: /s/ Xiyan Zhang
Xiyan Zhang
Stratum Law LLC
18 Campus Blvd. Ste. 100
Newtown Square, PA 19073
Phone# (215) 395-8756
Bar# 5052642
xzhang@stratumlaw.com
*Counsel for Plaintiff*