**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DUN LAN,<br><br>Plaintiff,<br>v.<br><br>CHANGZHOU ZITE TRADING CO., LTD, d/b/a MELLBREE,<br><br>Defendants. | Civil Action No. 1:26-cv-6779<br><br>Honorable Elaine E. Bucklo<br><br>JURY TRIAL DEMANDED |

**DECLARATION OF XIYAN ZHANG**

I, XIYAN ZHANG, declare as follow:

1. I am an attorney at law, duly admitted to practice in the State of New York since 2012 and in the Northern District of Illinois since 2023. I am an attorney for Plaintiff Dun Lan ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. In my experience in combating online counterfeiting and infringement, I have observed counterfeiters and infringers using a variety of tactics to evade enforcement efforts. In particular, counterfeiters or infringers like Defendant will often provide incomplete, inaccurate or fabricated addresses to third party online marketplace platforms.

3. In most instances, sellers must provide an e-mail address to third-party online marketplace platforms as well as the payment processors when registering their accounts. Defendant Changzhou Zite Trading Co., Ltd, d/b/a "Mellbree", Amazon Seller ID A32Q5BUTENIGK4, operates an Amazon store targeting United States consumers. Defendant published a purported physical business address on its public Amazon seller profile page. A true-and-correct screenshot of Defendant's Amazon seller page showing this disclosed physical

address is attached hereto as **Exhibit 1**.

4. Little appears to be done by the platforms to verify that the contact information associated with a seller is legitimate, pursuant to the INFORM Consumers Act.[1] In my experience, nearly all physical mailing addresses provided by foreign-based sellers are entirely fabricated. This is a result of a lack of due diligence on the platforms' part in verifying the physical address and/or the sellers themselves not meeting the criteria to be subject to the INFORM Consumers Act. This business email address is affirmatively held out by Defendant for customer-service, retail-related, and general business communications. No third-party discovery or compulsory process was needed to obtain this email address; it is open and accessible to any member of the public.

5. I have caused a multi-source address verification investigation to be performed to test the validity of the physical address the Defendant posted on its Amazon seller page and to identify a verifiable physical address suitable for formal international service upon the Defendant. **Exhibit 2** contains true-and-correct screenshot results from Google Maps for the exact physical address listed on the Defendant's Amazon seller page; **Exhibit 3** contains true-and-correct screenshot results from Amap (Gaode Maps, China's leading comprehensive national mapping service) for that same address disclosed on Amazon; **Exhibit 4** contains true-and-correct screenshot results from Qichacha (China's leading authoritative corporate registry inquiry service) for that same Amazon-disclosed address.

---

[1] The INFORM Consumers Act, 15 U.S.C. 45f (effective June 27, 2023), imposes obligations on online marketplaces regarding the collection, verification, safeguarding, and disclosure of certain information of high-volume, third party-sellers that sell, offer to sell, or contract to sell new or unused consumer products in the United States through marketplace platforms. The marketplaces must disclose in either product listing pages, confirmation pages, or account transaction histories the sellers' names, mailing addresses, and contact information if the seller has, in the last twenty-four months and during a continuous twelve-month period, had at least two hundred sales or transactions and $5,000 or more in gross revenues.

6. The investigation confirms: (a) The physical address the Defendant posts on its Amazon seller storefront fails to resolve to any genuine, active business location on Google Maps or Amap; (b) Qichacha corporate registry searches for that Amazon listed physical address yield legal entities entirely unrelated to the Defendant, Changzhou Zite Trading Co., Ltd.; (c) The Defendant's official government registered corporate address similarly does not match the actual operating location of the Defendant's U.S.-facing Amazon e-commerce business, with registry records for that registered address listing unrelated entities.

7. Defendant conducts its U.S. targeted sales activity almost exclusively via electronic channels: Amazon storefront operations, electronic customer inquiries, and electronic payment processing. Defendant maintains active contact mechanisms within the Amazon Buyer-Seller Messaging system associated with Amazon Seller ID A32Q5BUTENIGK4.

8. Plaintiff has created a secure online document repository website located at http://en.stratum-law.com/newsinfo/24.html. This website will host summons, complaint, and all initiating case filings free of charge for access by Defendant. I confirm this website will remain active and accessible for the duration of this litigation for purposes of electronic publication service.

9. However, the platforms usually verify the email addresses provided by the sellers. E-mail address verification is typically a straightforward process where the third-party online marketplace platforms send an e-mail to the provided e-mail address and require the user to respond by clicking a link in the e-mail. By contrast, any verification that may occur for physical addresses is likely not as reliable as e-mail address verification. Since an e-commerce store operator can input any physical address, such addresses may be incomplete, false and/or are not where the e-commerce store operator is located. Defendant's physical mailing address suitable for formal international service remains unknown.

10. In addition, e-commerce store operators must provide a valid e-mail address to customers for completing payment and/or managing their e-commerce stores. As such, counterfeiters and infringers rely primarily on electronic communications to communicate with the platforms and customers.

Pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge, information, and belief, and that I signed this declaration on the date set forth below.

Dated November 10, 2026

By: /s/ Xiyan Zhang
Xiyan Zhang
Stratum Law LLC
18 Campus Blvd. Ste. 100
Newtown Square, PA 19073
Phone# (215) 395-8756
Bar# 5052642
xzhang@stratumlaw.com
*Counsel for Plaintiff*