**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DUN LAN,
Plaintiff,

Civil Action No. 1:26-cv-6779
Honorable Elaine E. Bucklo

v.

CHANGZHOU ZITE TRADING CO., LTD,
d/b/a MELLBREE,
Defendant.

______________________________________/

**DEFENDANT CHANGZHOU ZITE TRADING CO., LTD. d/b/a MELLBREE'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER AUTHORIZING ELECTRONIC SERVICE OF PROCESS UNDER FED. R. CIV. P. 4(f)(3)**

Defendant Changzhou Zite Trading Co., Ltd. d/b/a Mellbree ("Defendant"), by and through undersigned counsel, respectfully moves for reconsideration of the Court's November 10, 2026 Order (ECF No. 14) authorizing electronic service of process under Federal Rule of Civil Procedure 4(f)(3). The Order was entered on the basis of materially false and inaccurate information submitted by Plaintiff. In support, Defendant states as follows:

## I. INTRODUCTION

On November 10, 2026, Plaintiff filed a motion for authorization to perform electronic service of process under Rule 4(f)(3), supported by the Declaration of Xiyan Zhang and Exhibits 1–4. The Court granted the motion the same day. The materials Plaintiff submitted to obtain that order contain fundamental misidentifications of the Defendant and false statements about the reliability and content of the supporting exhibits. Because the Order rests on false factual premises, reconsideration is warranted and the Order should be vacated.

## II. LEGAL STANDARD

A motion for reconsideration is appropriate to correct manifest errors of law or fact or to present newly discovered evidence. The Court has inherent authority to reconsider an interlocutory order when the order was entered on the basis of incomplete or inaccurate information.

## III. PLAINTIFF SUBMITTED FALSE AND INACCURATE INFORMATION

### A. Plaintiff Misidentified the Defendant Entity

Plaintiff's supporting materials refer to "常州市梓汀机电商贸有限公司." See Ex. 4 of Motion for Alternative Service, ECF No. 12-6. The pinyin for "梓汀" is Zǐ tīng or Ziting. See below screenshot from Ex. 4 in Figure 1.




**Figure 1: Wrong information Provided by Plaintiff's Declarant**

That entity is different from the actual Amazon seller named in the complaint and order: Changzhou Zite Trading Co., Ltd. (常州子特贸易有限公司). "子特" is pronounced Zite, not Zǐ

tīng or Ziting. The search on QiChacha of Changzhou Zite Trading Co., Ltd. returns the following result as Figure 2 below.




**Figure 2: Correct Information**

The two companies are distinct. The declarant seems to be a Chinese proficient person, however, such evident mistake should not have been made. Plaintiff's use of the wrong Chinese corporate name means the exhibits and declaration do not accurately identify the party Plaintiff seeks to serve.

**B. The Amazon Seller Page Lists the Correct Company and Address**

Defendant's public Amazon seller profile (https://www.amazon.com/sp?seller=A32Q5BUTENiGK4) states:

Business Name: Changzhou Zite Trading Co., Ltd
Business Address:
新北区三井街道太湖中路
31号704室
常州市
江苏
213000
CN

This address matches the registered address of 常州子特贸易有限公司 (Changzhou Zite Trading Co., Ltd.), which was established on December 14, 2017, and is registered at 江苏省常州市新北区三井街道太湖中路31号704室. See also Figure 2 above for record on Qichacha, a enterprise record search website in China as mentioned by Plaintiff. A Baidu search for the address returns the correct company and confirms the registration details. See attached true-and-correct screenshots from Baidu and Qichacha for 常州子特贸易有限公司. See Figure 3 below.


常州子特贸易有限公司(公司) - 百度百科

常州子特贸易有限公司

常州子特贸易有限公司于2017年12月14日成立，注册地位于江苏省常州市新北区三井街道太湖中路31号704室，注册资本为200万元。公司类型为有限责任公司（自然人独资），统一社会信用代码为91320411MA1UQ8W380。法定代表人刘秀英，公司经营范围包括：日用百货、电子产品、工艺品的销售；自营...

历史沿革 企业治理 主营业务 知识产权

百度百科

**Figure 3: Baidu. Com Search of Defendant**

**C. Plaintiff's Exhibit 4 and Declaration Are False**

Plaintiff's Declaration states that "Exhibit 4 contains true-and-correct screenshot results from Qichacha (China's leading authoritative corporate registry inquiry service) for that same Amazon-disclosed address." Ex. 4 [DE 12-6]. That statement is false. Exhibit 4 reflects the wrong entity (the 梓汀 company), not the Amazon-listed Changzhou Zite Trading Co., Ltd. at the disclosed address. Qichacha results for the actual Amazon-listed address and company name confirm the correct entity.

**D. Google Maps Is Not a Reliable Source for Chinese Addresses**

Plaintiff's Exhibit 2 relies on Google Maps for the address listed on the Amazon seller page. Google Maps does not accurately reflect Chinese street-level addresses. Baidu Maps and Chinese corporate registry sources (Qichacha, Baidu Baike) are the appropriate tools and confirm that the address belongs to the correct company named on the Amazon seller page.

**IV. THE SERVICE ORDER SHOULD BE VACATED**

Because the Order authorizing electronic service was based on a misidentified defendant and false exhibit descriptions, it should be vacated. Plaintiff has not demonstrated that electronic service on the actual Defendant is appropriate under Rule 4(f)(3), nor has Plaintiff shown that the email address and other methods proposed are reliably linked to the correct company. Defendant reserves all rights with respect to service and personal jurisdiction. In fact, baidu.com shows searchable address of 新北区三井街道太湖中路31号, 常州市 as follows in Figure 4.




**Figure 4: Verifiable Address of Defendant**

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court reconsider and vacate the November 10, 2026 Order (ECF No. 14) authorizing electronic service of process, and grant such other and further relief as the Court deems just and proper. Defendant will submit declarations to support the instant motion.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
30 N. LaSalle Street, Suite 1510
Chicago, Illinois 60602
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
Attorney for Defendant Changzhou Zite Trading Co., Ltd. d/b/a Mellbree

Dated: November 24, 2026